NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYHEEM MILES,                    :
a/k/a Quamere Johnson,           :
                                 :   Civil Action No. 09-0536 (NLH)
            Plaintiff,           :
                                 :
            v.                   :   **OPINION**
                                 :
CUMBERLAND COUNTY JAIL,          :
et al.,                          :
                                 :
            Defendants.          :


**APPEARANCES**:
Plaintiff pro se
Ryheem Miles
Cumberland County Jail
54 W. Broad Street
Bridgeton, NJ 08302


**HILLMAN**, District Judge

     Plaintiff Ryheem Miles, a prisoner confined at Cumberland

County Jail in Bridgeton, New Jersey, seeks to bring this action

in forma pauperis pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Based on his affidavit

of indigence and the absence of three qualifying dismissals

within 28 U.S.C. §1915(g), the Court will grant Plaintiff's

application to proceed in forma pauperis pursuant to 28 U.S.C.

§ 1915(a) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who
is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's
Complaint and are accepted as true for purposes of this review.
Plaintiff alleges that on August 15, 2008, while confined at
Cumberland County Jail, he was attacked by three or four other
inmates on the A-Block.  He alleges that he was rendered
unconscious by the attack.  He alleges that, after he received
medical care, Defendant Lt. Susan Luciano questioned him about
the identity of his attackers.  He advised Lt. Luciano that he
did not know the identity of his attackers, in response to which
Lt. Luciano became "upset," accused Plaintiff of protecting the
attackers, and threatened to return him to A-Block to be attacked
again if he did not name his attackers.  When Plaintiff continued
to assert that he could not identify his attackers, Lt. Luciano
returned him to the same housing unit where he had previously
been attacked (A-Block) where he was attacked again 11 hours
later.  The second attack resulted in several broken bones,
required hospitalization, and has caused continuing migraine
headaches on almost a daily basis.

Plaintiff does not allege whether he was a pre-trial
detainee or a convicted and sentenced prisoner at the time of the
attacks.

Plaintiff asserts that Cumberland County Jail is liable for his injuries based upon its general responsibility for his well-being.  Plaintiff asserts that the Cumberland County Board of Chosen Freeholders is liable for failure to adequately train officers at the jail.

Plaintiff seeks monetary damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules

of Civil Procedure.  Rule 8(a)(2) requires that a complaint

contain "a short and plain statement of the claim showing that

the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ...  If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in

pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants
> if:
>       (A) any right to relief is asserted against them
> jointly, severally, or in the alternative with respect
> to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
>       (B) any question of law or fact common to all
> defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).


IV.   ANALYSIS

A.   The Failure-to-Protect Claim

Plaintiff does not state whether he is a pre-trial detainee,

protected by the Due Process Clause of the Fourteenth Amendment,

or a convicted and sentenced prisoner, protected by the Eighth

Amendment.  In either event, the Complaint states a claim for

6

unconstitutional failure-to-protect sufficient to avoid dismissal

at this screening stage of the litigation.

Pre-trial detainees and convicted but un-sentenced prisoners

retain liberty interests firmly grounded in the Due Process

Clause of the Fourteenth Amendment.  See Hubbard v. Taylor, 399

F.3d 150  (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341

(3d Cir. 2000).  Analysis of whether such a detainee or un-

sentenced prisoner has been deprived of liberty without due

process is governed by the standards set out by the Supreme Court

in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at

157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions
> or restrictions of pretrial detention that implicate
> only the protection against deprivation of liberty
> without due process of law, we think that the proper
> inquiry is whether those conditions amount to
> punishment of the detainee.  For under the Due Process
> Clause, a detainee may not be punished prior to an
> adjudication of guilt in accordance with due process of
> law. ...
>
> Not every disability imposed during pretrial
> detention amounts to "punishment" in the constitutional
> sense, however.  Once the government has exercised its
> conceded authority to detain a person pending trial, it
> obviously is entitled to employ devices that are
> calculated to effectuate this detention. ...
>
> A court must decide whether the disability is
> imposed for the purpose of punishment or whether it is
> but an incident of some other legitimate governmental
> purpose.  Absent a showing of an expressed intent to
> punish on the part of detention facility officials,
> that determination generally will turn on "whether an
> alternative purpose to which [the restriction] may
> rationally be connected is assignable for it, and
> whether it appears excessive in relation to the

> alternative purpose assigned [to it]."  Thus, if a
> particular condition or restriction of pretrial
> detention is reasonably related to a legitimate
> governmental objective, it does not, without more,
> amount to "punishment."  Conversely, if a restriction
> or condition is not reasonably related to a legitimate
> goal--if it is arbitrary or purposeless--a court
> permissibly may infer that the purpose of the
> governmental action is punishment that may not
> constitutionally be inflicted upon detainees qua
> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further

explained that the government has legitimate interests that stem

from its need to maintain security and order at the detention

facility.  "Restraints that are reasonably related to the

institution's interest in maintaining jail security do not,

without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee

would not have experienced had he been released while awaiting

trial."  441 U.S. at 540.  Retribution and deterrence, however,

are not legitimate nonpunitive governmental objectives.  441 U.S.

at 539 n.20.  Nor are grossly exaggerated responses to genuine

security considerations.  Id. at 539 n.20, 561-62.

Under the Eighth Amendment, applicable to convicted and

sentenced prisoners, prison officials have a duty to provide

humane conditions of confinement, including adequate food,

clothing, shelter, medical care, and personal safety.  Farmer v.

Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d

351, 364 (3d Cir. 1992).  Accordingly, prison officials must take

reasonable measures "to protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833 (1994) (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact

subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Applying either the Fourteenth Amendment or Eighth Amendment standard, Plaintiff has stated a claim for failure-to-protect sufficient to avoid dismissal at this time.

B.    The Claim Against Cumberland County Jail

A jail is not a "person" amenable to suit under 42 U.S.C. § 1983.  See Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992).  Accordingly, all claims against Cumberland County Jail must be dismissed with prejudice.

C.    The Claims against the Cumberland County Freeholders

Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to

10

represent official policy," City of Canton, 489 U.S. at 390, and

that failure to train "actually causes injury," a supervisor may

be held liable, Id.

> In resolving the issue of supervisory liability,

> the focus must be on adequacy of the training program
> in relation to the tasks the particular officers must
> perform.  That a particular officer may be
> unsatisfactorily trained will not alone suffice to
> fasten liability on the [supervisor], for the officer's
> shortcomings may have resulted from factors other than
> a faulty training program.  ...  Neither will it
> suffice to prove that an injury or accident could have
> been avoided if an officer had had better or more
> training ... .  Moreover, for liability to attach ...
> the identified deficiency in a city's training program
> must be closely related to the ultimate injury.

Id. at 390-91.  Plaintiff alleges nothing more than that a

particular corrections officer caused him an injury, plainly an

insufficient allegation upon which to base liability for failure

to train.

Nor do the allegations of the Complaint provide any basis

for holding the Board of Chosen Freeholders liable under a theory

of vicarious liability.

Local government units and supervisors are not liable under

§ 1983 solely on a theory of respondeat superior.  See City of

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.

New York City Department of Social Services, 436 U.S. 658, 690-

91, 694 (1978) (municipal liability attaches only "when execution

of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury" complained of); Natale v.

Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d

Cir. 2003).  "A defendant in a civil rights action must have

personal involvement in the alleged wrongs, liability cannot be

predicated solely on the operation of respondeat superior.

Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence."  Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-

91 (3d Cir. 1995).

     For all of the foregoing reasons, all claims against the

Board of Chosen Freeholders will be dismissed.


                        V.   CONCLUSION

     For the reasons set forth above, the failure-to-protect

claim may proceed as against Defendant Lt. Susan Luciano.  All

other claims will be dismissed, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a

claim.  However, because it is conceivable that Plaintiff may be

able to supplement his pleading with facts sufficient to overcome

certain deficiencies noted herein, the Court will grant Plaintiff

leave to file an amended complaint.[1]  An appropriate order

follows.


At Camden, New Jersey           s/Noel L. Hillman
                                Noel L. Hillman
                                United States District Judge

Dated: February 20, 2009

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.